IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUSTAFA WILLIAMS, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:20-cv-00337 (Erie) |
| | ) | |
| vs. | ) | |
| | ) | HON. RICHARD A. LANZILLO |
| MICHELLE CROWTHER, UNIT | ) | UNITED STATES MAGISTRATE JUDGE |
| MANAGER DOUGLAS DICKEY, | ) | |
| SERGEANT MONTOUR, SERGEANT | ) | MEMORANDUM OPINION ON |
| BLOSS, CORRECTIONAL OFFICER | ) | DEFENDANTS' MOTION TO DISMISS |
| MENTEER and FACILITY MANAGER | ) | |
| OVERMEYER, | ) | ECF NO. 16 |
| | ) | |
| Defendants | ) | |

This is civil rights action brought under 42 U.S.C. § 1983) by verified complaint. *See* ECF

No. 11, ¶ 1. Presently pending is a Motion to Dismiss filed by the Defendants. ECF No. 16. The

Plaintiff claims the Defendants deprived him of his personal property without due process, in

violation of the Fifth Amendment, upon his transfer from one state correctional institution to

another facility. Because the Plaintiff has an adequate post-deprivation remedy available to him, *see*

*Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984), the Defendants' Motion

to Dismiss will be GRANTED. *See, e.g., Islaam v. Kubicki*, 838 Fed. Appx 657, 660 (3d Cir. 2020).

I.      Procedural History

Plaintiff Mustafa Williams ("Williams") is an inmate, currently incarcerated at the State

Correctional Institution at Greene ("SCI-Greene"). At the times relevant to this action, Williams

was housed at the State Correctional Institution at Forest ("SCI-Forest"). He has sued several

employees of the Pennsylvania Department of Corrections ("DOC") who work at SCI-Forest,

originally filing his lawsuit in the Court of Common Pleas of Forest County. The Defendants

removed the case to this Court and then moved to dismiss the original complaint. See ECF Nos. 1,

2.

In response to the motion to dismiss, Williams filed an Amended Complaint, which is the operative pleading herein. ECF No. 11. The Defendants again moved to dismiss and have filed a brief in support of their motion. ECF No. 16, 17. Williams filed a "Petition to Respond to Briefing Schedule," which the Court has construed as his response in opposition to the motion to dismiss. ECF No. 21.

The Parties have consented to the jurisdiction of a United States Magistrate Judge over these proceedings and the motion is now ripe for disposition. *See* ECF Nos. 6, 10.

II.     Standard of Decision

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are

unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

With these standards in mind, the Court turns to a review of Williams' Amended Complaint.

III.    Allegations in the Amended Complaint

Williams' Amended Complaint alleges that the Defendants violated his rights under the Fifth Amendment by depriving him of his personal property. ECF No. 11, ¶¶ 28-34. He also appears to assert that one defendant denied his grievances about his missing property in retaliation for Williams' assault on a SCI-Forest staff member. *Id.*, ¶ 17. Named as Defendants are the following:

- o   Michelle Crowther, the unit manager of E-Block and grievance officer;

- o   Douglas Dickey, a security lieutenant at SCI-Forest;

o   Sergeant Montour, a sergeant on E-Block;

o   Sergeant Bloss, a sergeant on E-Block;

o   Officer Menteer, a correctional officer on E-Block; and

o   Facility Manager Overmeyer, facility manager and grievance
    appeal officer at SCI-Forest.

*Id.* ¶¶ 5-10.

Before being placed in SCI-Forest's Restricted Housing Unit ("RHU"), Williams alleges that he "self-packed" his personal property. *Id.,* ¶ 14. Soon thereafter, unit staff conducted an inventory and, upon conclusion of that process, Williams "immediately reported to staff that there was some sneakers that was not his, a confiscation items receipt was issued … [which] shows that typewriter did not make it to k-unit and shoes are missing." *Id.,* ¶ 16. Williams submitted a Request to Staff form. *Id.,* ¶ 17. Defendant Dickey responded, telling Williams that "security search my cell, but did not pack my property." *Id.,* ¶18. Dickey told Williams to contact Defendant Crowther about any claims of missing property. *Id.* Williams claims that Defendant Bloss, who had allegedly signed a "confiscated items receipt," destroyed his property in retaliation for a prior incident where Williams had assaulted another SCI-Forest staff member. *Id.,* ¶ 17. Then, Williams packed his property for transfer to another correctional institution. *Id.,* ¶ 19. At this point, the Amended Complaint becomes somewhat difficult to follow. Williams alleges that "staff wrote that Plaintiff have a typewriter on property file with R-and-D but not at R-and-D, "missing" marked where it states type-writer on property receipt." *Id.* Williams then cites a grievance in which Defendant Crowther acknowledged that some of Williams' personal property (a pair of eyeglasses) were inadvertently mixed up with the property of another inmate. *See* ECF No. 11, ¶ 20. The Amended Complaint points to this grievance as "clear proof" that Defendants Crowther and Smith "played" on Williams by keeping his glasses. *Id.,* ¶ 26.

4

IV.     Analysis and Discussion

   A.      The Fifth Amendment Claim

   Williams raises a Fifth Amendment procedural due process claim against the Defendants.
Specifically, the lone count of the Amended Complaint alleges that Defendants Crowther,
Overmyer, Dickey, Montour, Menteer, and Bloss violated Williams' Fifth Amendment due process
rights by depriving him of his typewriter and not replacing some of the property taken from his
person.[1] *Id.*, ¶ 33.

   But Williams cannot state a claim based on a violation of her Fifth Amendment rights
because "the Fifth Amendment applies to actions of the federal government," not the state. *See
Biesecker v. PA Attys Gen.*, 2021 WL 2186225, at *4 (E.D. Pa. May 28, 2021) (citing *B&G Constr. Co.,
Inc. v. Director, Office of Workers' Compensation Prog.*, 662 F.3d 233, 246 n.14 (3d Cir. 2011) (explaining
difference between due process claims under Fifth and Fourteenth Amendments).  The Court will
therefore construe Williams' claim as alleging a due process claim under the Fourteenth
Amendment, which applies to state governmental actions. *Scutella v. Erie Cty. Prison*, 2020 WL
7865402, at *5 (W.D. Pa. Nov. 16, 2020), *report and recommendation adopted*, 2020 WL 7864201 (W.D.
Pa. Dec. 31, 2020) (citing *Dusenbery v. United States*, 534 U.S. 161 (2002) ("The Due Process Clause of
the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth
Amendment prohibits the States, from depriving any person of property without 'due process of
law.'")).

   The Defendants argue that Williams' due process claim for the loss of his property fails on
the merits because he had an adequate post-deprivation remedy available through the official SCI-
Forest inmate grievance system.  ECF No. 17, p. 4.   Courts have long recognized that the Due

---

[1] Beyond mentioning the typewriter, the Amended Complaint does not indicate what other property the Defendants
deprived Williams nor does Count I specifically mention the misplacement of his eyeglasses.

Process Clause was promulgated to protect individuals from the arbitrary exercise of the powers of government, and it guarantees the availability of certain procedural mechanisms, such as the right to notice and a hearing before the government can deprive an individual of property. *See, e.g., Pettaway v. SCI Albion*, 2012 WL 366782, at *3 (W.D. Pa. Feb. 2, 2012). The Supreme Court of the United States has held that neither negligent nor intentional deprivations of property violate the Due Process Clause if there is a meaningful post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 530 (1981). For claims that prison officials confiscated inmate property,

> the DOC's grievance procedure provides an adequate post-deprivation remedy, *see, e.g., Tillman v. Lebanon County Corr. Fac.*, 221 F.3d 410, 422 (3d Cir. 2000), and . . . the existence of this post-deprivation remedy forecloses any due process claim, *Austin v. Lehman*, 893 F. Supp. 448, 454 (E.D. Pa.1995) even if an inmate is dissatisfied with the result of the process. *Iseley v. Horn*, 1996 WL 510090, at * 6 (E.D. Pa. Sept. 3, 1996). As [the inmate plaintiff] admits to having used the grievance procedure to attempt the return of his [property], he had access to an adequate post-deprivation remedy and even if there had been a violation of his liberty interest he was not denied the right to due process of law.

*Pettaway*, 2012 WL 366782, at *3. *See also Banks v. Beard*, 2006 WL 2192015, at *15 (W.D. Pa. Aug. 1, 2006) (regarding inmate plaintiff's claim that he was permanently dispossessed of his property, "[t]he Commonwealth of Pennsylvania provides an adequate post deprivation remedy in the forms of the DOC grievance system and/or a state law tort law suit against the Defendants ... [which] satisfy the Fourteenth Amendment's procedural due process guarantee") (citations omitted); *Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008) (per curiam) (holding that failure to give an inmate "prior notice of their intended seizure of [his] materials [does] not violate [his] Due Process rights" "because prisons are constitutionally required to afford inmates only a post-deprivation remedy"). *See also Martin v. Wetzel*, 2021 WL 2926005, at *16 (W.D. Pa. July 12, 2021).

Williams is incarcerated at a state correctional institution and therefore can assert any claim concerning the deprivation of his personal property via the DOC's administrative remedy system. He may also bring a deprivation or destruction of property claim in state court. Since both of these remedies are available to him, Williams has failed to state a plausible claim of improper deprivation of personal property. Thus, Williams' procedural due process claim based on the deprivation of his personal property, that claim will be dismissed, with prejudice, for failure to state a claim. *See, e.g., Proctor v. Burke,* 2015 WL 1838864 (W.D. Apr. 21, 2015).

And more to the point, Williams acknowledges that he did use the grievance system to complain about his misplaced property. Attached to the Amended Complaint are grievance records which demonstrate Williams' use of his post-deprivation remedies. For example, Williams has attached a page from the Inmate Handbook which contains instructions for filing a grievance regarding missing property, notably that such claims must be submitted with an inventory of his personal property (DC-ADM 153) and a "confiscated Items Receipt, DC-154A." ECF No. 11-1, pp. 2-3. Williams completed both forms and has attached them to the Amended Complaint. Other attachments evince Williams' participation and compliance with the DOC's process. For example, he has attached a "Inmate's Request to Staff Member" form in which he inquires about his missing property. *Id.,* p. 7. A staff member's response referred Williams to the appropriate DOC personnel. *Id.* Williams has also attached an Initial Review Response to Grievance No. 626798 to his Amended Complaint. That particular grievance complains about the loss of his typewriter and the inadvertent confusion of his property (eyeglasses) with that of another inmate. *Id.,* p. 9.[2] Further, regarding his missing eyeglasses, Williams provided records which relate that the prisoner's clinical coordinator, Nichole Heitsenrether, offered to "just start over w/ an exam and pick new frames? Let me know.

---

[2] Williams grievance was denied because he did not properly provide any proof that he possessed a typewriter. *See* ECF No. 11-1, p. 9. Further the grievance officer noted that institutional records confirm that in 2015 Williams told staff members that he no longer possessed a typewriter. *Id.*

Thank you." *Id.*, p. 11. Williams indicated his desire to start over with a new exam, but that he did not have money for wireless frames. *Id.*, p. 12. The clinical coordinator responded that she would "add [Williams] to the next available eye line" but that SCI-Forest does not have his glasses. *Id.* Williams was also informed that he would unfortunately have to pay for wire frames again. *Id.* Thus, by Williams' own admission, he availed himself of the DOC's post-deprivation procedures and that prison officials worked with him in an attempt to remedy the situation. The DOC's post-deprivation remedies are not rendered inadequate simply because Williams was unsuccessful in seeking the return of his property. *See Tarselli v. Harkleroad*, 2012 WL 603219, at *6 (W.D. Pa. Feb. 23, 2012) (holding that the failure of prison official to provide a favorable response to an inmate grievance does not demonstrate that that process was inadequate, meaning less, or otherwise constitutionally infirm).

  B.  The First Amendment Retaliation Claim

  Although not specifically designated as claim, the Amended Complaint does contain an allegation against Defendant Bloss that could be interpreted as a claim of First Amendment retaliation.[3] Construed as a retaliation claim, it will be dismissed.

  To establish a First Amendment retaliation claim, Williams must allege that the conduct provoking the purported retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of the prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and that the constitutionally protected conduct was a substantial motivating factor in the defendants' conduct. *Baez v. Mooney*, 2021 WL 816013, at *3 (W.D. Pa. Feb. 8, 2021), *report and recommendation adopted*, 2021 WL 808726 (W.D. Pa. Mar. 3, 2021) (quoting *Mearin v. Swartz*, 951 F. Supp.2d 776, 786 (W.D. Pa. 2013); *see also Rauser v. Horn*, 241 F.3d

---

[3] Williams alleges that "Confiscation Items Receipt was given to Plaintiff on 5-19-16 dated for 5-5-16 signed by Defendant Bloss who destroyed Plaintiff property for no reason but retaliation for incident (CIR # 848143) (Exhibit F)." ECF No., 11, ¶ 17.

330, 333 (3d Cir. 2001) (alteration in original) (internal quotation marks omitted).  The allegation against Defendant Bloss is unclear.  It appears that Williams' alleges that Bloss signed a confiscated property receipt and that Bloss destroyed Williams' property "for no reason" but in retaliation "for incident."  ECF No. 11, ¶ 17.  In support, he references "Exhibit F" (ECF No. 11-1, p. 6).

Although allegations of destruction of property can be a sufficient adverse action for purposes of the second prong, *see, e.g., Mincy v. Chmielewski*, 508 Fed. Appx 99, 104-05 (3d Cir. 2013), these conclusory allegations do not suggest that Williams was engaged in a constitutionally protected activity.  That Defendant Bloss signed a receipt does not allege any action by Williams.  And further, Williams' statement of an "incident," without more, is insufficient to allege an adverse action.  Thus, this claim will be dismissed.

VI.    Conclusion

Williams's due process claim will be dismissed with prejudice.  Because Williams' Fifth/Fourteenth Amendment claim is implausible, this claim will also be dismissed with prejudice since further attempt at amendment would be futile.  *See, e.g., Muir v. Wetzel*, 2021 WL 51443, at *3 (E.D. Pa. Jan. 5, 2021).  It is possible, however, that Williams may be able to allege additional facts to support a retaliation claim against Defendant Bloss.  Therefore, he will be given an opportunity to amend his claim against that Defendant.

An appropriate order will follow.

RICHARD A. LANZILLO
United States Magistrate Judge